**ULTRACASHMERE HOUSE, LTD., Appellant,**

v.

**SPRINGS MILLS, INC., Appellee.**

No. 87–1129.

United States Court of Appeals, Federal Circuit.

Sept. 23, 1987.

---

Before SMITH, NIES and ARCHER, Circuit Judges.

NIES, Circuit Judge.

Ultracashmere House, Ltd. (UHL) appeals from the final decision of the Patent and Trademark Office Trademark Trial and Appeal Board, in Opposition No. 62,670 dated April 10, 1986 (unreported), refusing to register the mark ULTRACASHMERE under section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), because of likelihood of confusion with the registered mark ULTRASUEDE owned by opposer Springs Mills, Inc. We affirm.

I

UHL filed an application, Serial No. 168,-257, on April 27, 1978, seeking registration of the mark ULTRACASHMERE for "woven cashmere-like fabrics." Springs Mills opposed registration on the ground that UHL's mark so resembles Springs Mills' mark ULTRASUEDE for "non-woven suede-like fabrics," as shown in Reg. No. 978,-212, as to be likely to cause confusion and, thus, was not entitled to registration under section 2(d).[1] The board suspended the opposition pending final disposition of a civil action brought by Springs Mills against UHL which asserted, among other claims, trademark infringement. The district court held for UHL on all claims. *Springs Mills, Inc. v. Ultracashmere House, Ltd.,* 532 F.Supp. 1203, 215 USPQ 1057 (S.D.N.Y. 1982). The appellate court reversed and remanded the case for the district court to prepare an appropriate remedy. Despite a finding that the marks of the parties would

Michael J. Niles, Pittstown, N.J., for appellant.

Allen Zelnick, Weiss, Dawid, Fross, Zelnick & Lehrman, P.C., New York City, for appellee.

1. Section 2(d) provides in pertinent part:
   No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—
   . . . .
   (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to

cause confusion, or to cause mistake, or to deceive: *Provided,* That when the Commissioner determines that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks or the goods in connection with which such marks are used, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce. . . .

be likely to cause confusion,[2] the Second Circuit, *sua sponte*, suggested that the remedy might be to require all displays of ULTRACASHMERE to include a statement that ULTRACASHMERE is not associated in any way with ULTRASUEDE or Springs Mills. *Spring [sic] Mills, Inc. v. Ultra-cashmere House, Ltd.*, 689 F.2d 1127, 1136, 217 USPQ 298, 306 (2d Cir.1982).

On remand, the district court entered judgment of trademark infringement against UHL and awarded Springs Mills monetary damages. In accordance with the appellate court's suggestion, the district court enjoined UHL from using ULTRACASHMERE except in conjunction with a statement "in lettering that is the same size as the largest lettering on such items, stating that 'ULTRACASHMERE and Ultracashmere House, Ltd. are not associated in any way with either ULTRASUEDE, Springs Mills, Inc. or Skinner Fabrics [a division of Springs Mills].'" The appellate court affirmed this order. *Springs Mills, Inc. v. Ultracashmere House, Ltd.*, 724 F.2d 352, 221 USPQ 577 (2d Cir.1983).

Following the above disposition of the civil action, proceedings in the opposition were resumed. In its decision sustaining the opposition, the board held:

> In the civil action, the Court found that there was a likelihood of confusion between the parties' marks. In view of that finding, applicant is not entitled to registration. The opposition is accordingly sustained and registration to applicant is refused.

## II

UHL argues that the board erred in its conclusion of likelihood of confusion because it failed to consider all of the "evidence," ignored the trial and appellate courts' decisions in the litigation between the parties, and did not follow the guidelines of this court on registrability. The

essence of UHL's argument is that, when ULTRACASHMERE is displayed with the explanatory statement required by the injunction, ULTRACASHMERE and ULTRASUEDE for fabrics will not cause confusion. The injunction, per UHL, precludes confusion as to the source of the goods and avoids "similarity in the marks." Thus, UHL claims a right to register ULTRACASHMERE because, in the marketplace, purchasers will see ULTRACASHMERE with a disclaimer of association with ULTRASUEDE and Springs Mills, and any likelihood of confusion is cured.

UHL's argument lacks merit. The application before us asserts a right to register the mark ULTRACASHMERE without restriction, and registrability must be resolved in this proceeding on the basis of that application. On the issue of likelihood of confusion between ULTRACASHMERE *per se* and ULTRASUEDE, both used for fabrics, the board correctly noted that the Second Circuit courts resolved that issue against UHL.

UHL argues that the injunctive language which must accompany its display of ULTRACASHMERE, nevertheless, overrides the "prima facie evidence" of likelihood of confusion. It urges that, under the precedent of this court, registration and use should be coincidental so far as possible, citing *In re E.I. DuPont de Nemours & Co.*, 476 F.2d 1357, 1364, 177 USPQ 563, 569 (CCPA 1973). From this premise, UHL concludes it is entitled to register ULTRACASHMERE because it is bound by an injunction with respect to its use which precludes confusion with the registered mark. The flaw in UHL's argument is that UHL's use and registration would *not* be coincidental if UHL secured a registration for ULTRACASHMERE alone. UHL is absolutely prohibited by a district court injunction from using ULTRACASHMERE alone as a mark for fabrics. As a mark for

---

**2.** In the Second Circuit the court's holding on that issue is a "finding" of fact. *See American Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351, 212 USPQ 803, 806 (2d Cir.1981). In this court likelihood of confusion is an issue of law. *Giant Food, Inc. v. Nation's Foodservice, Inc.*, 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1983). *See also Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1445, 221 USPQ 97, 111 (Fed.Cir.1984). That difference is of no import here.

fabrics, ULTRACASHMERE has been held to indicate Springs Mills as the source of the goods bearing UHL's asserted mark. Indeed, UHL has been held liable in damages to Springs Mills for its acts of infringement from that use. While the Second Circuit courts have acted, in their judgment, to protect the public from confusion, nothing in those rulings entitles UHL to obtain a registration based on its unlawful use of ULTRACASHMERE as a mark. *See* Lanham Act §§ 2(d), 23, 15 U.S.C. §§ 1052(d), 1091 (1982); *see also Gray v. Daffy Dan's Bargaintown*, 823 F.2d 522, 526, 3 USPQ2d 1306, 1308 (Fed.Cir.1987) ("A valid application cannot be filed at all for registration of a mark without 'lawful use in commerce,' ...").

■ UHL concludes its brief with the proposal that "if this Court believes it necessary, [UHL] has no objections to a reversal with instructions to the TTAB to issue a restricted registration incorporating the District Court's limited injunction." The board did not accept this suggestion when made during the proceedings, and we agree it has no merit. If the injunctive language were to be included as part of UHL's asserted mark, that "combination" was not in use at the time the application was filed and is not supported by the allegations of use in the application or by the specimens accompanying the application. Such an amendment is not permitted under Rule 2.72 of the Trademark Rules of Practice. 37 C.F.R. § 2.72.[3] Alternatively, if the injunctive language were simply added in the nature of a "disclaimer," such amendment would not correct the substantive defect in the application which lies in the mark itself. It has been adjudicated that ULTRACASHMERE alone for fabrics does not identify UHL as the source of such goods. In other words, the mark UHL seeks to register does not serve as its trademark. A "disclaimer" of association with Springs Mills in the text of a registration would not correct that basic infirmity.

### III

For the foregoing reasons, the final decision of the Trademark Trial and Appeal Board is affirmed.

AFFIRMED.

---

3. 37 C.F.R. § 2.72 (1987) reads:

**Amendments to description or drawing of the mark.**

Amendments to the description or drawing of the mark may be permitted only if warranted by the specimens (or facsimilies) as originally filed, or supported by additional specimens (or facsimilies) and a supplemental affidavit or declaration in accordance with § 2.20 alleging that the mark shown in the amended drawing was in actual use prior to the filing date of the application. Amendments may not be made if the character of the mark is materially altered.