59 CCPA

**DAVID CRYSTAL, INC., Appellant,**

v.

**SHELBURNE SHIRT CO., Inc., Appellee.**

**Patent Appeal No. 8678.**

United States Court of Appeals,
and Patent Appeals.

Sept. 14, 1972.

Edward C. Gonda, Joel S. Goldhammer, Philadelphia, Pa. (Seidel, Gonda & Goldhammer), Philadelphia, Pa., attorneys of record, for appellant.

Myron Cohen, Maurice B. Stiefel, New York City (Hubbell, Cohen & Stiefel), New York City, attorneys of record, for appellee; Jules E. Goldberg, New York City, of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

Appeal is taken from the decision of the Trademark Trial and Appeal Board,[1] dismissing the opposition filed by appellant David Crystal, Inc., to registration [2] of the trademark CRYSTALAIRE for "men's and boys' wearing apparel—namely, dress and sport shirts." As it is presented in appellee's application, the mark is somewhat stylized:

*Crystalaire**

[A6451]

The application gives 1953 for both the date of first use and the date of first use in commerce.

---

1. 162 USPQ 472 (1969).

2. Application Serial No. 258,647, filed November 15, 1966.

Appellant bases its opposition on a number of its registered trademarks, all based to some degree on the word CRYSTAL.[3] All of the marks relied on by appellant were registered prior to appellee's application for registration.

■ The board's decision was based on a consideration of only three of the marks relied on by appellant.[4] With regard to the others, the board stated that:

> Opposer has pleaded ownership of various other registrations, but these all issued on applications which were filed at dates later than applicant's established date of first use. Those later registrations, therefore, have not been considered in our decision.

This was clear error. All of appellant's marks should have been considered under section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), which deals with the likelihood of confusion between the mark sought to be registered and marks which have previously been registered. The question of priority does not arise against a registered trademark in an opposition proceeding. Contour Chair-Lounge Co. v. Englander Co., 324 F.2d 186, 51 CCPA 833 (1963); see also In re Calgon Corp., 435 F.2d 596, 58 CCPA 830 (1971).

■■ The board thus failed to consider appellant's mark CRYSTAL, *supra* covering men's shirts. Whether or not the board's decision was sustainable on the marks it did consider, we think that there is a definite likelihood of confusion between CRYSTALAIRE and CRYSTAL as applied to the identical goods. A consumer seeing these marks on men's shirts would be highly likely to assume that they came from the same source. Whether or not CRYSTAL suggests a transparent type of *material*, as the board found, there is nothing in this record which would indicate that CRYSTAL is suggestive of men's shirts. Nor are the third party registrations cited by appellee or the lack of evidence of actual confusion controlling in a case such as this, where appellant's mark is adopted *in toto* as a major part of appellee's mark. See Clinton Detergent Co. v. Procter and Gamble Co., 302 F.2d 745, 49 CCPA 1146 (1962); Bellbrook Dairies, Inc. v. Hawthorn-Mellody Farms Dairy, Inc., 253 F.2d 431, 45 CCPA 842 (1958).

It appears that in March of 1963, appellant's attorney wrote to one of appellee's customers, Maas Bros., the Allied Stores' outlet in Sarasota, Florida, complaining of its advertisement of CRYSTALAIRE shirts in the newspapers. Upon receipt of that letter, the attorney for Allied Stores contacted appellee for advice. Appellee informed Allied Stores' that appellee had been using the mark on shirts for over 10 years without complaint. Based on that information, the attorney for Allied Stores replied to appellant's attorney and informed him that the mark had been in use for many years without confusion or conflict. Appellant's attorney responded on April 30, 1963, stating that there was bound to be confusion between the marks and again demanding that Maas Brothers discontinue selling CRYSTALAIRE shirts. It is not alleged that appellant ever con-

---

3. For women's clothing—dresses, coats, suits, blouses, skirts, etc.: A CRYSTAL COTTON, Reg.No. 404,730, December 21, 1943, first use 1942 (renewed); CRYSTAL, Reg.No. 535,038, December 19, 1950, first use 1906; DAVID CRYSTAL, Reg.No. 556,557, March 25, 1962, first use 1906; THE CRYSTAL LOOK, Reg. No. 658,088, February 4, 1958, first use 1957; MISS CRYSTAL, Reg.No. 756,133, September 3, 1963, first use 1962; A CRYSTAL KNIT, Reg.No. 760,386, November 19, 1963, first use 1963. For men's clothing—men's shirts, shorts, bathing suits, slacks, jackets, etc.: CRYSTAL, Reg.No. 645,442, May 14, 1957, first use 1956; DAVID CRYSTAL, Reg.No. 650,556, August 20, 1957, first use 1956. For textile piece goods: DAVID CRYSTAL, Reg.No. 649,785, August 6, 1957, first use 1906; CRYSTALINE, Reg.No. 706,704, November 1, 1960, first use 1960; CRYSTAL, Reg. No. 726,035, January 2, 1962, first use 1906.

4. Registrations No. 404,730, 535,038 and 556,557, *supra*.

tacted *appellee* concerning the use of the mark, and appellant denies any knowledge that appellee was the manufacturer of CRYSTALAIRE shirts prior to the date the instant application was ·published for opposition.

Appellee uses the failure of appellant to take steps to bring about a cessation of the activities of Maas Brothers with respect to the trademark CRYSTA-LAIRE as evidence of a lack of likelihood of confusion, and also as the basis for the ·defense of laches. We have considered all of the evidence of record, and are convinced that there is a likelihood of confusion between the marks as applied to the goods. We are not disposed to treat the laches issue, since the board did not rule on it and the parties have not briefed it here. Accordingly, the case must be remanded to the board for consideration of that issue.

The decision of the board as to likelihood of confusion is reversed, and the case is remanded to the board for consideration of the defense of laches or estoppel.

Reversed and remanded.

MALETZ, J., concurs in the result.