**ANDERSON, CLAYTON AND COM-
PANY, Appellant,**

v.

**Harry KRIER, d.b.a. the 7 Seas
Restaurant, Appellee.**

**Patent Appeal No. 8916.**

United States Court of Customs
and Patent Appeals.

June 7, 1973.

G. Cabell Busick, Carol L. B. Matthews, Mason, Fenwick & Lawrence, Washington, D. C., attorneys of record, for appellant.

Harry Krier, pro se.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Associate Judges, and ALMOND, Senior Judge.

ALMOND, Senior Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, abstracted at 167 USPQ 410 (1970), dismissing the opposition filed by appellant to the registration of the trademark 7 SEAS [1] for "Hush Puppies." Appellee's application alleges first use on January 1, 1954 and first use in commerce on January 13, 1959. We reverse that decision.

Appellant bases its opposition on two of its registered trademarks, SEVEN SEAS and ship design [2] for spice seasonings, spices, seasoning salts, and culinary herbs, and SEVEN SEAS [3] for cooking sauces. Both of these marks were registered before appellee's application was filed.

The basis of the board's decision dismissing the opposition lay in its acceptance of appellee's proofs alleging first use on January 1, 1954 and its restriction of appellant, for purposes of priority, to the filing date of its earlier registration, March 24, 1954. In the board's view, this settled the matter since his earlier use gave appellee "rights in the mark '7 SEAS' superior to those alleged by opposer in the substantially identical mark 'SEVEN SEAS'." The board justified its decision as follows:

Opposer has urged that, even though it may be held that opposer has failed to establish superior or prior rights in the mark "SEVEN SEAS", the Board has the duty to refuse or suggest to the Examiner of Trademarks that registration be refused applicant under Section 2(d) of the Statute in view of opposer's existing registrations.

Opposer's argument, however, is not well founded because the basic question to be determined in an opposition proceeding is whether or not the opposer would be damaged by the registration of an applicant's mark. Thus, in an opposition proceeding involving the respective trademarks of the parties, the moving party or opposer must, in order to establish his claim of damage, establish superior rights in his trademark and facts which would lead to a holding of likelihood of confusion. It is manifest that, where as here, the moving party has failed to establish prior rights in the mark on which he predicates his claim of damage, he manifestly has no standing to be heard on the question of likelihood of confusion since it can be argued that, as the subsequent user, his adoption and use of a confusingly similar mark created the situation that could possibly give rise to a likelihood of confusion in trade. Thus, it has been a consistent practice of the Board, under circumstances such as those present herein, to refrain from ruling on the question of likelihood of confusion.

In our view, the board's decision was clearly erroneous. Section 2(d) of the Trademark Act of 1946, 15 U.S.C. § 1052(d), requires that a trademark be refused registration if it

(d) consists of or comprises a mark which so resembles a mark registered in the Patent Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive * * *.

■■ We have interpreted the statute as meaning that the question of priority does not arise against a registered mark in an opposition proceeding. David Crystal, Inc. v. Shelburne Shirt Co., 59 CCPA 1248, 465 F.2d 926, 175 USPQ 112 (1972). See also Contour Chair-Lounge Co. v. Englander Co., 51 CCPA 833, 324 F.2d 186, 139 USPQ 285 (1963) and In re Calgon Corp., 58 CCPA 830,

1. Serial No. 272,073 filed May 22, 1967.

2. Reg. No. 634,131 issued September 4, 1956 to a predecessor.

3. Reg. No. 741,376 issued November 27, 1962.

435 F.2d 596, 168 USPQ 278 (1971). Therefore, both of appellant's marks should have been considered on the question of whether confusion would be likely in the concurrent use of the marks involved.

Appellee has sought to distinguish the facts of this case from those of *David Crystal.* He points out that the opposer in *David Crystal* had no knowledge of the prior use by the party seeking to register the similar mark, whereas appellee in this case had once possessed a registration of the mark 7 SEAS for hush puppies. That registration was canceled because of a failure to file the appropriate evidence of continued use as required by section 8 of the Trademark Act of 1946, 15 U.S.C. § 1058. He suggests that this registration would have been at least constructive notice to appellant when it purchased its first SEVEN SEAS trademark from a bankrupt corporation that an earlier user possessed rights in 7 SEAS as evidenced by a then effective registration.

From these facts, appellee argues that since he is seeking to reregister a mark, the earlier registration of which had been lost by inadvertence, rather than trying to get an initial registration, it would be inappropriate to deny his application to register. We find no merit to this argument. Under section 2(d), priority determines the right to register in an opposition proceeding only in those cases where the opposer has no registered trademark. There are no other exceptions in the statute, and we see no justification for engrafting one upon it. Whatever benefits a registration conferred upon appellee were lost by him when he negligently allowed his registration to become canceled.

Because of the overriding importance it attached to the question of priority, the board failed to reach the issue of likelihood of confusion, mistake, or deception, although briefed by both parties. Since we do not have the benefit of the board's consideration of this issue, we are not disposed to treat it ourselves.

Accordingly, the decision of the board dismissing the opposition is reversed and the case is remanded for consideration of the issue of likelihood of confusion, mistake, or deception.

Reversed and remanded.