Daniel R. GRAY, d.b.a. Daffy Dan's, Appellant,

v.

DAFFY DAN'S BARGAINTOWN, Appellee.

Appeal No. 86–1508.

United States Court of Appeals, Federal Circuit.

July 2, 1987.

Before MARKEY, Chief Judge, and NIES and BISSELL, Circuit Judges.

NIES, Circuit Judge.

Daniel R. Gray appeals from the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board, in Concurrent Use No. 571, granting summary judgment in favor of the senior party and prior user, Daffy Dan's Bargaintown (DDB). Gray, the junior party and later user, seeks a concurrent use registration for substantially the identical mark for identical and closely related services. Gray admits, however, that he is using the mark in DDB's trading area. Because of the likelihood of confusion arising from this overlapping use, the board held that Gray had no right under the statute to a concurrent use registration.[1] We affirm.

# I

## BACKGROUND

DDB filed an application, Serial No. 281,-757, on October 14, 1980, seeking an unrestricted registration of the service mark DAFFY DAN'S for retail clothing store services claiming use since 1961. Gray, the appellant herein, opposed DDB's application, asserting "concurrent rights" in the mark for such services, and then filed application Serial No. 371,877, on June 28, 1982, seeking a registration for DAFFY DAN'S for the same and closely related services for all of the United States except New Jersey, in which state Gray acknowledged DDB's prior rights. The opposition was suspended pending examination of Gray's application and, thereafter, the subject concurrent use proceeding was instituted.

As a result of discovery, DDB obtained an admission that Gray was using his mark in connection with clothing distributorship services in New Jersey.[2] Based on that

Mark Kusner, Cleveland, Ohio, argued for appellant. With him on the brief was D. Peter Hochberg.

Roy H. Wepner, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, N.J., argued for appellee.

1. The opinion of the board is reported at 229 USPQ 474 (TTAB 1986).

2. Gray's services are stated in his application to be "retail clothing store services and clothing

distributorship services." It is unclear exactly what services are intended by the latter description. The record shows that Gray has a mail order business in clothing. Gray's asserted date of first use is July, 1973. The record also shows

admitted overlapping use, DDB moved for summary judgment, asserting that Gray could not establish entitlement to a concurrent use registration inasmuch as the respective uses of the parties were likely to cause confusion of the public. The board granted summary judgment, and this appeal followed.

## II

### The Issue

Did the Trademark Trial and Appeal Board err in refusing to grant a concurrent use registration where the junior party admitted to use of his mark in the trading area of the senior party?

## III

We agree with the board that, because of Gray's admission of conflicting use of the mark DAFFY DAN'S in the acknowledged trading area of DDB, no genuine issue of material fact is present which precludes the grant of summary judgment and that DDB is entitled to a final judgment as a matter law in this proceeding.

Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) (1982), provides in pertinent part:

No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

. . . .

(d) Consists of or comprises a mark which so resembles ... a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive: *Provided,* That when the Commissioner determines that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and

limitations as to the ... place of use of the marks ..., concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent lawful use in commerce prior to (i) the earliest of the filing dates of the applications pending.... In issuing concurrent registrations, the Commissioner shall prescribe conditions and limitations as to the mode or place of use of the mark or the goods in connection with which such mark is registered to the respective persons.

The board held that, to be entitled to a concurrent use registration, Gray had the burden to show, *inter alia,* no likelihood of confusion between the marks of the parties by reason of their concurrent use. For purposes of the summary judgment motion, the undisputed facts are that DDB, the senior party, began using DAFFY DAN'S in New Jersey in connection with retail clothing store services since prior to any use by Gray and advertises its services in interstate commerce;[3] that DDB was the first to file for registration of its mark; that Gray began use of DAFFY DAN'S for retail clothing store services in Ohio without knowledge of DDB's use; that Gray expanded his business under the mark DAFFY DAN'S and admits current and continuing use in DDB's trading territory. In view of these facts, the board concluded that likelihood of confusion between the respective uses of the marks followed as a matter of law, and, thus, Gray was not entitled to a concurrent use registration.

## IV

It is Gray's position that the issue of likelihood of confusion in a concurrent use proceeding is to be determined with respect to the geographic area which the concurrent use applicant "claims" in its application for registration and not on the basis of actual territorial use of the respective marks.

Gray's mark in a special style of type, but the marks are otherwise identical.

**3.** Gray, on appeal, questions DDB's proof of priority, an issue not raised below and, thus, not before us. He alters his argument in his reply

brief to an attack on DDB's use outside New Jersey as "minimal." Neither issue is material to resolution of the issue of law raised by the summary judgment motion.

Gray first argues that the board decision here conflicts with its own decisions in which the board has stated that "it must be determined that confusion is unlikely to result from the continued use of applicant's mark in the territory claimed." *Big M. Inc. v. United States Shoe Corp.*, 228 USPQ 614, 616 (TTAB 1985). Similar statements are quoted from other board opinions, e.g., *Over the Rainbow, Ltd. v. Over the Rainbow, Inc.*, 227 USPQ 879, 882 (TTAB 1985); *Olé Taco Inc. v. Tacos Ole, Inc.*, 221 USPQ 912, 915 (TTAB 1984); *Handy Spot Inc. v. J.D. Williams Co.*, 181 USPQ 351, 352 (TTAB 1974).

While in some instances it may be sufficient to direct the likelihood of confusion inquiry to the concurrent use areas *claimed* in the respective applications, Gray's argument that the above decisions limit the inquiry as a matter of law is incorrect. In *Over the Rainbow*, confusion was found in the area "claimed" by the concurrent use applicant. No extrapolation to other situations is appropriate from the statement in that case. In *Olé Taco*, a significant distinction from the instant case is that the geographic area set forth in the concurrent use application was not *less* than the area of actual use. In this case, the area of actual use by Gray is admittedly greater than the area specified in his application.

Finally, the *Big M.* and *Handy Spot* decisions are inapposite. In neither case did the board look *only* at the area "claimed" by a concurrent use applicant to resolve the likelihood of confusion issue. Indeed, the litigants in both, in attempts to settle their disputes, had agreed to a non-overlapping division of geographic areas to be set forth in concurrent use registrations. The issue before the board was whether to accept and give effect to the settlements thus reached. The board found both agreements insufficient to protect the public, *inter alia*, because of the parties' failure to agree to limit their actual use to the territorial scope of their proposed concurrent use registrations. Thus, in both cases, because

of the likelihood of confusion of the public in actual use, concurrent use registrations were denied. *Big M.*, 228 USPQ at 616; *Handy Spot*, 181 USPQ at 352.

Gray's argument that the board's decision in this case conflicts with its prior holdings is rejected. There is no conflict. Where the trading territories of the concurrent users overlap in actual use, the board has uniformly been of the opinion that that fact precludes the granting of concurrent use registrations. *See In re Place for Vision, Inc.*, 196 USPQ 267, 269–70 (TTAB 1977); *Texas Meat Packers, Inc. v. Rueckert Meat Co.*, 143 USPQ 325, 329 (TTAB 1964); *Central West Oil Corp. v. Continental Oil Co.*, 135 USPQ 469, 472 (TTAB 1962).

That issue aside, we turn to the question of whether the board has misconceived the law with respect to the likelihood of confusion issue and whether, as Gray asserts, the board's holding is inconsistent with the statutory principles of section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d) (1982).

In deciding the motion, the board stated that there was no genuine issue of material fact as to the junior party's initial good faith use of his mark in commerce in a limited geographic area outside the territory of the senior party prior to the latter's filing date. It is Gray's view that those facts establish his "entitlement" to a concurrent use registration of some scope and that his later entry into the senior party's territory does not defeat that "entitlement," citing *In re Beatrice Foods Co.*, 429 F.2d 466, 166 USPQ 431 (CCPA 1970), for that proposition.[4] Gray misconstrues the precedent.

In *Beatrice Foods*, the court spoke of the requirement for an applicant's lawful use in commerce outside of the conflicting claimant's area as being "jurisdictional in nature." 429 F.2d at 473, 166 USPQ at 436. Gray construes "jurisdictional" to mean that, by showing such use, his "entitlement" to a concurrent use registration

4. The decisions of the CCPA are precedent. *South Corp. v. United States*, 690 F.2d 1368, 1369, 215 USPQ 657, 657 (Fed.Cir.1982).

is established. Clearly that is not the import of the court's statement. A valid application cannot be filed at all for registration of a mark without "lawful use in commerce," and, where a claim is made of concurrent rights, such use must begin prior to the filing date of any application by a conflicting claimant to the mark. In this sense, the requirement is "jurisdictional." 15 U.S.C. § 1052(d) (1982). *Beatrice Foods* itself goes on to recognize that this "jurisdictional" requirement is only one of the "conditions precedent" which must be satisfied to establish "entitlement" to a concurrent use registration:

> The touchstone, however, is the requirement that there be no likelihood of confusion, mistake or deception in the market place as to the source of the goods resulting from the continued concurrent use of the trademark. Only in satisfying this standard, can the Patent Office be sure that both the rights of the individual parties and those of the public are being protected.

*Id.* at 473–74, 166 USPQ at 436. Thus, the determination that Gray met the "jurisdictional" requirement does not establish his "entitlement" to a concurrent use registration. Gray was not "entitled" to such registration unless he also satisfied the "touchstone" requirement of no likelihood of confusion with DDB's use. Entitlement here turns on whether the board properly took into consideration the admitted current area of actual use by the parties or whether the board was required, as Gray asserts, to disregard Gray's actual use because Gray does not seek registration for his entire trading area.

*Beatrice Foods* did not address that issue. In *Beatrice Foods*, there *had* been an overlap in use by the parties. However, there, the parties worked out a settlement under which each agreed to recognize and honor the exclusive rights of the other in separate areas of use. In other words, one party obtained rights in the "overlap" area, and the other party expressly withdrew from that area to avoid confusion of the public. In contrast, the record here shows, not merely that the junior party inadvertently or temporarily entered into the senior party's territory, but that such use was continuing at the time of the board's decision with no agreement between the parties that it would cease.

Gray finds support for his view that only his "claimed" area of use should be considered in deciding the likelihood of confusion issue in *Weiner King, Inc. v. The Wiener King Corp.*, 615 F.2d 512, 204 USPQ 820 (CCPA 1980), in which the court spoke of resolving issues in concurrent use proceedings in accordance with "equitable principles" and the balancing of the competing interests of users of the mark. In that case, however, the question was whether the junior user could expand, with knowledge of a senior party's prior use, into an area in which the senior party *did not use* the mark. Again that is not the situation here. The issue is novel.

█ We conclude that the board's interpretation of the statutory provision is correct. The issue of likelihood of confusion in this concurrent use proceeding was properly resolved by looking at the concurrent use applicant's area of actual use, not merely the area "claimed" in his application. Thus, the exclusion of some geographic territory of use from a concurrent use application does not restrict the likelihood of confusion inquiry required by the statute. As this case illustrates, the mere statement by an applicant that a registration is not sought for a particular state or geographic area cannot be equated with a representation that the applicant does not and will not use its mark in the area. Here, there is no representation by Gray that he will limit the scope of geographic use of his mark or will take steps to prevent confusion of the public. What is attempted here is simply a manipulative use of the registration system to secure to Gray the advantages of registration with no undertaking whatsoever to protect the public from confusion. We see nothing in the statute, nor in the "equities" to be resolved in a concurrent use proceeding, which requires the Commissioner to limit the likelihood of confusion inquiry to the area "claimed" by a concurrent use applicant.

Our conclusion that the board properly determined the issue of likelihood of confusion disposes of Gray's argument that summary judgment was improperly granted because of unresolved issues of fact concerning the extent of the senior party's area of use. Gray argues that, if his application is too broad with respect to the area he claims, the Commissioner (via the board) should not deny registration but must fix the conditions and limitations as to the place of use of the mark. Under this theory, unless likelihood of confusion is shown to exist throughout the United States, Gray has established a right to a concurrent use registration for any area in which confusion is not shown to exist by DDB. On the record before the board in this case, such a determination could not be made on summary judgment, and, accordingly, Gray asserts that the board's ruling was in error. Per Gray, since the Commissioner has power to prescribe conditions and limitations as to the place of use of a mark under section 1052(d), the Commissioner had a duty to exercise this power.

The basic flaw in this argument is that Gray cannot meet the requirements for entitlement to a concurrent use registration in view of the confusion found to exist in DDB's present trading area. Gray simply misconceives the role of the Commissioner and ignores the need to avoid confusion of the public. While the Commissioner may resolve rights of expansion into areas in which neither party uses the mark, as in *Weiner King*, the Commissioner has no authority to force a party to retreat from an area of actual use. That authority rests in the district courts. *See Tie Rack Enters., Inc. v. Tie Rak Stores*, 168 USPQ 441, 445–46 (TTAB 1970).

Gray raises no factual issue which is material to the resolution of the issue of Gray's right to a concurrent use registration. The material facts in this proceeding are undisputed. The parties are using the same mark for the same and closely related services in the same geographic area. The board correctly held that those facts made it impossible for Gray to establish his entitlement to a concurrent use registration.

The grant of summary judgment was entirely in order. The final decision of the board is, therefore, affirmed.

AFFIRMED.