ACTION TEMPORARY SERVICES, INC., Appellant,

v.

LABOR FORCE, INC., Appellee.

No. 88–1446.

United States Court of Appeals, Federal Circuit.

March 23, 1989.

J. Rodman Steele, Steele, Gould & Fried, Philadelphia, Pa., argued for appellant. With him on the brief was Gregory A. Nelson.

Jonathan E. Jobe, Jr., Hubbard, Thurman, Turner & Tucker, Dallas, Tex., argued for appellee. With him on the brief was Molly Buck Richard.

Before RICH, SMITH and NEWMAN, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this concurrent use proceeding, the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board) granted summary judgment in favor of Labor Force, Inc. (Labor), holding that, as a matter of law, Action Temporary Services, Inc. (Action), was not a concurrent lawful user of the service mark LABOR FORCE within the meaning of section 2(d) of the Lanham Act.[1] We reverse that judgment and remand this case to the board for further proceedings.

## Issue

The principal issue on appeal is whether a federal registration of a mark in force at the time of an applicant's adoption of the same or similar mark, which federal registration subsequently is canceled, prevents, as a matter of law, the applicant from being a "lawful use[r]" of its mark, within the meaning of section 2(d) of the Lanham Act, subsequent to that cancellation.

## Background

Although many of the facts are disputed, the following facts are not contested. On June 13, 1973, Labor filed a service mark application on the mark LABOR FORCE for its service of supplying temporary help to others. On July 1, 1975, Labor's mark was granted federal registration No. 1,014,980 on the principal register.

On August 1, 1975, Action adopted the mark LABOR FORCE for its service of supplying temporary help to others. Action's adoption of its mark was subsequent in time to Labor's receipt of its federal registration.

In 1981, 6 years after Labor obtained its federal registration, that registration was canceled by the PTO on the basis of Labor's failure to file an affidavit of continuing use under section 8 of the Lanham Act.[2] Since that time, there have been no subsequent federal registrations for the mark.

---

1. *Action Temporary Servs., Inc. v. Labor Force, Inc.,* Concurrent Use No. 714 (TTAB Mar. 9, 1988).

2. Section 8(a) of the Lanham Act provides that: "Each certificate of registration shall remain in force for twenty years: *Provided,* That the registration of any mark under the provisions of this chapter shall be canceled by the Commissioner at the end of six years following its date, unless within one year next preceding the expiration of such six years the registrant shall file in the Patent and Trademark Office an affidavit showing that said mark is in use in commerce or showing that its nonuse is due to special circumstances * * *."
15 U.S.C. § 1058(a) (1982) (emphasis in original).

On July 21, 1982, Labor filed application No. 375,781 ('781 application), to register on the principal register the service mark LABOR FORCE for supplying temporary help to others. Labor recited a first use date of May 1970.

On February 2, 1984, Action filed application No. 463,700 to register on the principal register its mark LABOR FORCE for supplying temporary help to others. Action claimed first use as of August 1975. The PTO suspended Action's application pending disposition of Labor's earlier filed '781 application.

Upon publication of Labor's mark in the PTO's Official Gazette, Action timely filed an opposition against registration of that mark. Subsequently, Action amended its application to one for concurrent use, naming Labor's use of the mark in Texas and Tennessee as an exception to Action's exclusive right to use the mark. The PTO dismissed Action's opposition and a concurrent use proceeding was instituted.

The board granted summary judgment to Labor, holding that Action was not a lawful concurrent user. In reaching its disposition, the board held that, as a matter of law, Action was not a concurrent lawful user of the mark because its adoption on August 1, 1975, of the mark LABOR FORCE was not in good faith. The board concluded that "having been put on notice of Labor's use in 1975, Action cannot claim that its continued use in 1981 was without knowledge of Labor's use."

For the reasons set forth below, we hold that the board erred, as a matter of law, by entering summary judgment in this case.

*Analysis*

In reviewing whether the board correctly entered summary judgment in favor of Labor, we apply the same legal standard as that applied by the board in determining whether summary judgment was appropriate.[3] Summary judgment may be granted only when the pleadings and evidence of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]

At the threshold of concurrent use registration, as provided for by section 2(d) of the Lanham Act,[5] is "lawful use." "A valid application cannot be filed at all for registration of a mark without 'lawful use in commerce,' and, where a claim is made of concurrent rights, such use must begin prior to the filing date of any application by a conflicting claimant to the mark."[6]

Here, subsequent to the cancellation of Labor's federal registration in 1981, and prior to Labor's filing of its application on July 21, 1982, there were no applications pending, or federal registrations existing, on the service mark LABOR FORCE. During that period, both Action and Labor allege use of their respective marks, the former having alleged use from August 1975 and the latter having alleged use from May 1970. Action's use between 1981 and July 21, 1982, was prior to the filing date of Labor's application. In view of these allegations, the board, however, concluded that Action adopted its mark on August 1, 1975, with constructive notice of Labor's use of the same mark and that the existence at that time of constructive notice of Labor's

---

3. *See, e.g., Jewelers Vigilance Comm., Inc. v. Ullenberg Corp.*, 853 F.2d 888, 890–91, 7 USPQ2d 1628, 1630 (Fed.Cir.1988) (recognizing that Fed. R.Civ.P. 56 is made applicable to proceedings before the board by 37 C.F.R. § 2.116(a) (1988)).

4. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–26, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986).

5. Section 2(d) of the Lanham Act provides, in part, that

"* * * when the Commissioner determines that confusion, mistake, or deception is not likely to result from the continued use by more

than one person of the same or similar marks * * *, concurrent registrations may be issued to such persons when they have become entitled to use such marks as a result of their concurrent *lawful use* in commerce prior to (i) the earliest of the filing dates of the applications pending or of any registration issued under this chapter * * *."

15 U.S.C. § 1052(d) (1982) (emphasis supplied).

6. *Gray v. Daffy Dan's Bargaintown,* 823 F.2d 522, 526, 3 USPQ2d 1306, 1308 (Fed.Cir.1987). Action has alleged use of its mark prior to Labor's July 21, 1982, application filing date. Thus, the focus of inquiry becomes whether Action's use during that time was "lawful use in commerce."

mark prevented Action, as a matter of law, from being a lawful user of the mark subsequent to the cancellation of Labor's registration. We cannot agree.

It is well established that, pursuant to section 22 of the Lanham Act,[7] a registration provides constructive notice for all use during the existence of the registration.[8] However, a canceled registration does not provide constructive notice of anything.[9] A canceled registration cannot prevent a party from being a "lawful user" of a mark when that party's use is subsequent to the cancellation of the federal registration.

The board's reasoning, that "[w]hat had been an unlawful adoption when it occurred was still unlawful," i.e., that because Action's adoption of its mark was "unlawful," Action cannot claim that its use of the mark after Labor's registration was canceled may be lawful, is flawed. Whereas actual notice, once obtained by a party of another party's use of a mark, exists independent of the event giving rise to that notice, constructive notice, pursuant to section 22 of the Lanham Act, exists, and lasts, only as long as the federal registration giving rise to that constructive notice remains in effect. Here, in view of the existence of Labor's federal registration, Action's use of its mark during the pendency of Labor's federal registration cannot be deemed "lawful use." Nevertheless, Action's use following the cancellation of Labor's federal registration was not subject to any former constructive notice effects of that registration.

On remand, the board shall determine the relative rights of the parties based on our holding that the constructive notice effects of Labor's federal registration prevented Action from being a lawful user

only during the existence of that registration. The board shall consider the effects of actual notice, which must "always be the product of the particular fact pattern involved in each case,"[10] bearing in mind the holding of one of our predecessor courts that *"mere knowledge of the existence of the prior user* should not, by itself, constitute bad faith."[11]

### Conclusion

For the reasons discussed, the board's grant of summary judgment in favor of Labor on grounds that Action could not be a lawful concurrent user is reversed. Because the board's decision rested exclusively on its erroneous legal conclusion that the constructive notice effects of Labor's canceled federal registration precluded Action from being a lawful user of its mark subsequent to that cancellation and did not reach any other issues underlying concurrent use, we remand this case to the board for further proceedings.

REVERSED and REMANDED.

RICH, Circuit Judge, dissenting.

I would affirm the decision of the board granting *summary judgment* against appellant Action Temporary Services, Inc. (Action). That was a holding that Action is not entitled to a *concurrent* registration under the statute, this being a concurrent use proceeding. A concurrent registration is the only kind of registration Action could possibly get, Labor Force, Inc. (Labor), the appellee, being the prior and continuing user and the holder of a registration of the mark at the time Action adopted and began using it. This case would not be here but for the fact Labor allowed its registration

---

7. Section 22 of the Lanham Act provides that "[r]egistration of a mark on the principal register * * * shall be constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. § 1072 (1982).

8. *See In re Beatrice Foods Co.,* 429 F.2d 466, 472–73, 166 USPQ 431, 435–36, 57 CCPA 1302 (1970) ("The owner of a federal registration now has the security of knowing that no one else may, henceforth legitimately adopt his trademark and create rights in another area of the country superior to his own.").

9. *See, e.g., Anderson, Clayton & Co. v. Krier,* 478 F.2d 1246, 1248, 178 USPQ 46, 47 (CCPA 1973) (recognizing that whatever benefits a federal registration confers are lost when that registration is canceled).

10. *Weiner King, Inc. v. Wiener King Corp.,* 615 F.2d 512, 522, 204 USPQ 820, 829 (CCPA 1980).

11. *Id.* (emphasis in original).

to lapse by failing to file the affidavit of continuing use required by § 8(a) of the Lanham Act (15 U.S.C. § 1058(a)), apparently inadvertently, which omission it is now attempting to remedy by its application, now before us, to *reregister* the same mark for the same services.

The board correctly pointed out that, at the time Action adopted the mark, Labor's registration of the same mark for the same services was in force and, under § 22 (15 U.S.C. § 1072), was constructive notice to Action of Labor's ownership of the mark, wherefore, under the concurrent registration proviso of § 2(d) (15 U.S.C. § 1052(d)), Action could not be a "lawful" user, i.e., "without knowledge of Labor's use of the same mark for the same services." To be sure, the notice being "constructive," the knowledge was, on this theory, a legal fiction. Nevertheless, this state of affairs prevailed unchanged for a period of five years and 11 months, until Labor's registration lapsed on July 1, 1981. The majority accepts all this. The registration then terminated by force of law and the majority is holding that the relatively short period from July 1, 1981, to July 21, 1982, when Labor filed its application, a period of one year and 20 days, was a period of "lawful" use which has the effect, for no stated reason, of cancelling out the effect of the period of five years and 11 months of "unlawful" use, there being no constructive notice during that shorter period. By the majority reasoning, the result would be the same if the period of lawful use was only one day. As the board pointed out, correctly I believe, the termination of a registration has no retroactive effect. I agree with the board that "What had been an unlawful adoption when it occurred [and which continued for nearly six years] was still unlawful."

The majority makes clear (page 1566) that had Action's knowledge been "actual" instead of "constructive," it would have reached the opposite result. The only reason given—if it can be called a reason—is that, unlike an actual notice, which exists forever independently of the event giving rise to it—a constructive notice based on a registration lasts only as long as the registration. I cannot accept that as justification for ignoring or wiping out altogether the effect of the initial *adoption* under the legal impediment of constructive notice and continued "unlawful" use thereafter for nearly six years. The majority is giving retroactive effect to the termination of the registration and giving no heed to Action's failure to meet the conditions of § 2(d) *at the time the events relied on took place*, treating Labor just as though it never had a registration or any of the benefits registration provides. Labor was entitled to those benefits for at least nearly six years, during which Action initiated and carried on the activities on which is based its application to register here involved. I do not see the justification for looking only to the time of instituting the concurrent use proceeding. It is contrary to the spirit of the statute.

Since this is a reversal of only a grant of *summary* judgment, which undoes the board's *expeditious* disposition of the concurrent use proceeding, wherefore the board and counsel must wrestle with it further on remand, it will now be necessary for the board to face the other § 2(d) issue: whether confusion, mistake, or deception is likely. I note on page 25 of Action's brief in this court that it is of the opinion that if either party does business in the other's territory, "Consumer confusion would be inevitable." I also note that the majority would have decided this case the other way, and properly so, had there been evidence to support a determination that Action had *actual* notice of Labor's use of the mark. One or the other of these issues will surely bring this case eventually to the correct conclusion already reached by the board and it is regretable that the majority, with no precedent whatever requiring it to do so, feels compelled to prolong matters on tenuous legal theory, thereby imposing useless expense on the parties and more work on the board.