Wolfson

THIS OPINION IS A
PRECEDENT OF THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  November 20, 2008

Opposition No. **91182399**

Land O' Lakes, Inc.

v.

Jim Hugunin

**Before Walters, Drost and Wellington,**
**Administrative Trademark Judges.**

By the Board:

     This case now comes before the Board for consideration of applicant's "Renewed Motion For Judgment On The Pleadings" (filed June 18, 2008).  In response, opposer construed the motion as being a motion for summary judgment and requested an opportunity for discovery under Fed. R. Civ. P. 56(f).  Applicant filed a combined reply brief in support of his motion and response to opposer's motion for continued discovery.

     Since applicant's motion was accompanied by evidence outside the pleadings, it may be treated as a motion for summary judgment.  See Fed. R. Civ. P. 56; TBMP §503.4 (2d ed. rev. 2004).  However, we reach the same result under either interpretation.  A motion for summary judgment requires that a party demonstrate, prior to trial, that

there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, while a motion for judgment on the pleadings is a test solely of the undisputed facts appearing in all the pleadings such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); *Baroid Drilling Fluids, Inc. v. Sun Drilling Products,* 24 USPQ2d 1048 (TTAB 1992); and TBMP §§ 504.02 and 528.01 (2d ed. rev. 2004).[1]

Applicant contends that as a matter of law this opposition is barred by virtue of the prior registration, or *Morehouse* defense,[2] and by the doctrine of laches. For the reasons stated below, we hold that applicant has not established that he is entitled to judgment as a matter of law with respect to his *Morehouse* or laches defenses.

*Applicant's Morehouse Defense*

The proposition for which the *Morehouse* case stands is that, as a matter of law, an opposer cannot be damaged, within the meaning of Section 13 of the Trademark Act, by the issuance to an applicant of a second registration when

---

[1] It would also be possible to construe applicant's motion as a request for reconsideration of our earlier decision denying applicant's motion to dismiss. As such, the request would be denied. Judgment on the pleadings does not lie prior to an answer having been filed in the case. See TBMP § 504.01 (2d ed. rev. 2004). As no answer was on record when applicant filed his motion to dismiss, the Board did not construe applicant's motion as one seeking judgment on the pleadings.

[2] See *Morehouse Mfg. Corp. v. J. Strickland & Co.,* 407 F.2d 881, 160 USPQ 715 (CCPA 1969).

applicant already has an existing, unchallenged registration of the same mark for the same goods.  See *O-M Bread, Inc. v. U.S. Olympic Comm'n,* 65 F.3d 933, 36 USPQ2d 1041, 1045 (Fed. Cir. 1995); and TBMP § 311.02(b)(2d ed. rev. 2004).  The prior registration or *Morehouse* defense is an equitable defense, "to the effect that if the opposer can not be further injured because there *already exists* an injurious registration, the opposer can not object to an additional registration that does not add to the injury." *O-M Bread*, 36 USPQ2d at 1045 (emphasis added).  Because the injury contemplated under the *Morehouse* doctrine is injury not from a party's prior use of a mark but rather from the party's ownership of a registration for the mark, it necessarily follows that the registration must be in existence in order to form the basis for the claim of damage, and that an expired registration may not form the basis of a valid *Morehouse* defense.  *Cf*. *Action Temporary Services Inc. v. Labor Force Inc*., 870 F.2d 1563, 10 USPQ2d 1307, 1309 (Fed. Cir. 1989) ("It is well established that, pursuant to section 22 of the Lanham Act, a registration provides constructive notice for all use during the existence of the registration.  However, a canceled registration does not provide constructive notice of anything.")(internal citations omitted).

Applicant claims ownership of registration no. 2355268 for the mark LAND O LAKES for "fishing tackle," registered June 6, 2000. This registration expired by operation of law on June 7, 2006, as a result of applicant's failure to file an affidavit or declaration under Section 8 of the Trademark Act. 15 U.S.C. § 1058(b); Trademark Rule 2.160(a)(1)(i).[3] Applicant argues that he is entitled to rely on the *Morehouse* defense because the Office did not cancel his registration until March 10, 2007, after he had already filed (on January 2, 2007) a new application for the same mark and goods. However, the date of expiration of applicant's registration is not dependent on the date the Office undertook the ministerial function of entering the cancellation into the USPTO database. The fact that the Office did not enter the information until March 2007 is unavailing.[4]

---

[3] Trademark Rule 2.160 reads, in pertinent part:

> (a) During the following time periods, the owner of the registration must file an affidavit or declaration of continued use or excusable nonuse, or the registration will be cancelled:
> (1)(i) For registrations issued under the Trademark Act of 1946, on or after the fifth anniversary and no later than the sixth anniversary after the date of registration….

[4] When no § 8 affidavit or § 9 renewal is filed before the end of the six-month grace period, (see 15 U.S.C. §§ 1058 and 1059), the USPTO's practice is to wait an additional three months after the grace period expires before updating its records to show the registration as cancelled or expired.

Inasmuch as applicant did not file any paper to maintain his registration, his rights in the prior registration were extinguished on the day after its sixth anniversary date.  Accordingly, we will not further consider applicant's *Morehouse* defense.[5]

*Applicant's Laches Defense*

Applicant contends that laches is applicable because opposer failed to object to applicant's earlier registration.  Inasmuch as opposer timely filed this opposition, it would appear at first blush that applicant has no basis for a laches defense, since laches with respect to an opposition generally does not begin to run until publication of the application for opposition.  See *National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc.*, 937 F.2d 1572, 19 USPQ2d 1424, 1427 (Fed. Cir. 1991).

However, a claim of unreasonable delay by an opposer in asserting rights may be based on the opposer's failure to object to an applicant's earlier registration of the same mark for the same goods.  The defense may be asserted even if the prior registration has expired, although in such case, the period of delay (beginning on the issue date of

---

[5] Unlike with the laches defense, see discussion *infra*, the question of whether applicant owned the prior registration does not arise with respect to the *Morehouse* defense.  Even if applicant owned the prior registration, or could show he was a successor in interest to the registrant, because the registration has expired it may not form the basis of a *Morehouse* defense.

the prior registration) ends with the expiration of the prior registration.  This is because, once it expires, the registration no longer serves as constructive notice of the registrant's claim of ownership thereof.  Section 22 of the Trademark Act, 15 U.S.C. § 1072; *see Teledyne Technologies Inc. v. Western Skyways Inc.,* 78 USPQ2d 1203, 1210 fn. 10 (TTAB 2006); and *Aquion Partners L.P. v. Envirogard Products ltd.,* 43 USPQ2d 1371, 1373 fn. 8 (TTAB 1997).

To prove laches, in addition to showing unreasonable delay, the applicant must show it has suffered material prejudice as a result of the delay.  *Aquion Partners,* 43 USPQ2d at 1373.  The defense "usually requires factual development beyond the content of the pleadings.  The facts evidencing unreasonableness of the delay and material prejudice to the defendant cannot be decided against the plaintiff based solely on presumptions."  *Id.*

In this case, applicant has not shown the absence of genuine issues of material fact as to whether opposer unreasonably delayed in failing to object to the prior registration during the time it was in existence, or whether applicant suffered material prejudice as a result of the alleged delay.

As a threshold matter, the constructive notice provisions of Section 22 of the Trademark Act benefit the registrant of the mark and its assignees.  The named

registrant of the earlier registration is "Land O Lakes Tackle Company," not applicant.  Genuine issues of material fact exist as to whether applicant is a successor in interest to the registrant of the prior registration.

Moreover, although applicant contends that opposer sent a cease and desist letter to Land O Lakes Tackle Company in December 2000, and thereafter opposer sat on its rights, genuine issues of material fact exist as to whether applicant may rely on any action or inaction of opposer vis-à-vis Land O Lakes Tackle Company.  Even should applicant prove its status as successor in interest to Land O Lakes Tackle Company, genuine issues of material fact remain as to whether applicant has suffered material prejudice as a result of this or any other action or inaction on the part of opposer.[6]

Accordingly, applicant has not shown that he is entitled to judgment on the pleadings or to summary judgment on his equitable defense of laches.[7]

---

[6] The fact that we have identified only a few genuine issues of material fact as sufficient bases for denying the motion for summary judgment with respect to applicant's laches defense should not be construed as a finding that these are necessarily the only issues which remain for trial.

[7] The parties should note that evidence submitted in connection with applicant's motion for judgment is of record only for consideration of that motion.  To be considered at final hearing, any such evidence must be properly introduced in evidence during the appropriate trial period.  *See Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993); *Pet Inc. v. Bassetti*, 219 USPQ 911 (TTAB 1983); *American Meat Institute v. Horace W. Longacre, Inc.*, 211 USPQ 712 (TTAB 1981).

Applicant's motion for judgment is denied. In view thereof, opposer's motion for discovery under Fed. R. Civ. P. 56(f) is moot.

*Trial Schedule*

Proceedings are resumed, and trial dates, including conferencing, disclosures, and the close of the discovery period, are reset as indicated below.

| | |
|---|---|
| Initial Disclosures Due | **12/20/08** |
| Expert Disclosures Due | **4/19/09** |
| Discovery Closes | **5/19/09** |
| Plaintiff's Pretrial Disclosures Due | **7/3/09** |
| Plaintiff's 30-day Trial Period Ends | **8/17/09** |
| Defendant's Pretrial Disclosures Due | **9/1/09** |
| Defendant's 30-day Trial Period Ends | **10/16/09** |
| Plaintiff's Rebuttal Disclosures Due | **10/31/09** |
| Plaintiff's 15-day Rebuttal Period Ends | **11/30/09** |

**IN EACH INSTANCE,** a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within **thirty days** after completion of the taking of testimony. Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.