Goodman

THIS OPINION IS
A PRECEDENT OF
THE T.T.A.B.

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  May 23, 2007

Cancellation No. 92041493

FISHKING PROCESSORS, INC.

v.

FISHER KING SEAFOODS LIMITED

Before Seeherman, Hohein and Hairston, Administrative Trademark Judges:

By the Board:

This case now comes up for decision on Fisher King Seafoods Limited's (hereinafter "respondent") second motion for summary judgment, filed December 13, 2005, on the grounds of priority, likelihood of confusion and laches, and Fishking Processors, Inc.'s (hereinafter "petitioner") cross-motion for summary judgment, filed January 23, 2006, on the grounds of priority and likelihood of confusion.[1]

As background, petitioner has petitioned to cancel respondent's registration of the mark FISHER KING SEAFOODS,

---

[1] Respondent's first motion for summary judgment, filed August 1, 2003, was also based on priority of use, likelihood of confusion and laches.  We denied such motion on January 15, 2005, finding genuine issues of material fact as to petitioner's common law rights with respect to the mark FISHKING, the similarity of the parties' marks, the extent of actual confusion and, with regard to laches, genuine issues of material fact as to whether petitioner unreasonably delayed in bringing the petition to

with the word SEAFOODS disclaimed, for "fresh and frozen seafood" in International Class 29.[2]  As grounds for cancellation under Section 2(d) of the Trademark Act, petitioner alleges, in its amended petition to cancel, that respondent's mark, as used in connection with the services set forth in the registration, so resembles petitioner's previously used trade names FISHKING and FISHKING PROCESSORS INC. and its previously used trademark FISHKING for fresh and frozen fish as to be likely to cause confusion.[3]

Respondent, in its answer to the amended petition to cancel, has denied the salient allegations therein and has alleged certain affirmative defenses, including the defense of laches.

During the course of this proceeding, the FISHER KING SEAFOODS registration was cancelled due to the failure of respondent to file a Section 8 affidavit of continued use. In accordance with Trademark Rule 2.134, the Board allowed respondent time to show cause why judgment should not be

cancel and, if so, whether respondent was prejudiced by such delay.

[2] Reg. No. 2168211 issued on June 23, 1998.

[3] After review of the parties' motions for summary judgment, on July 5, 2006, we sua sponte granted petitioner time to add a claim of prior trade name use of FISHKING PROCESSORS, INC. as this claim, which was raised in its motion for summary judgment, would otherwise have been based on an unpleaded ground.  As noted by respondent, the Board will not grant summary judgment on an unpleaded ground.  See TBMP Section 528.07(a)(2d ed. rev. 2004) (unpleaded issue not a basis for entering summary judgment; Board may allow party to amend pleading to add claim).  We also allowed the parties time to supplement their motions for summary judgment in view of the amended pleadings.

entered against it.  Respondent filed a response, advising that the cancellation was inadvertent.  The Board determined that respondent had discharged the show cause order and asked petitioner if it wished to continue the cancellation proceeding or have it dismissed as moot.  On August 29, 2005, petitioner advised that it wished to continue this proceeding, so as to have the Board decide the priority and likelihood of confusion issues.[4]

We now turn to the parties' cross-motions for summary judgment.

Summary judgment is an appropriate method of disposing of cases in which there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact and that it is entitled to a judgment as a matter of law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The evidence

---

[4] After the registration was cancelled under Section 8, respondent filed, on April 4, 2005, application Serial No. 78601303 for the mark FISHER KING for "fresh and frozen seafood" in International Class 29 and application Serial No. 78601316 for the mark FISHER KING SEAFOODS LTD. (SEAFOODS LTD. disclaimed) for "fresh and frozen seafood" in International Class 29.  Petitioner has filed Opposition Nos. 91170611 and 91170613, respectively, against such applications.  Petitioner also has an application, Serial No. 76248148, for the mark FISHKING for seafood, namely "fresh and quick-frozen fish" in International Class 29, which has been opposed by respondent in Opposition No. 91171354.  These opposition proceedings have been consolidated and are presently suspended pending the disposition of this cancellation proceeding.

must be viewed in a light favorable to the non-moving party, and all reasonable inferences are to be drawn in the non-movant's favor. Thus, in considering the propriety of summary judgment, the Board may not resolve issues of material fact against the non-moving party; it may only ascertain whether such issues are present. *See, e.g., Lloyd's Food Products Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993); *Opryland USA Inc. v. Great American Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471 (Fed. Cir. 1992); and *Olde Tyme Foods, Inc. v. Roundy's Inc.*, 961 F.2d 200, 22 USPQ2d 1542 (Fed. Cir. 1992). The mere fact that cross-motions for summary judgment have been filed does not necessarily mean that there are no genuine issues of material fact, and that a trial is unnecessary. *See University Book Store v. University of Wisconsin Board of Regents,* 33 USPQ2d 1385 (TTAB 1994).

The parties have cross moved for summary judgment on both the issue of laches and the issue of likelihood of confusion. With respect to the issue of laches, it is petitioner's position that in view of the cancellation of the FISHER KING SEAFOODS registration during the course of this proceeding, the basis for the laches defense no longer exists because there is no registration upon which to base a claim of laches. In particular, petitioner argues that constructive knowledge of petitioner "has been eliminated

from consideration since the registration has been cancelled."[5]  Thus, petitioner asserts that, as a matter of law, laches cannot lie.

In response, respondent argues that despite the cancellation of its registration due to its inadvertent failure to file a Section 8 affidavit, its laches defense still applies since petitioner's delay in taking action is not extinguished by the cancellation.  Respondent also asserts that "whether or not the original registration [is] in force is immaterial to the fact that petitioner, having admitted to actual knowledge of respondent's existence sat on its rights."  Respondent's supplemental brief, filed September 21, 2006, n.4 at page 6.

Section 19 of the Lanham Act provides that the equitable principle of laches "where applicable may be considered and applied." 15 U.S.C. Section 1069.

A prima facie defense of laches requires a showing of (1) unreasonable delay in asserting one's rights against another, and (2) material prejudice to the latter as a result of the delay.  *Bridgestone/Firestone Research Inc. v. Automobile Club de l'Ouest de la France*, 245 F.3d 1359, 58 USPQ2d 1460, 1462 (Fed. Cir. 2001); and *Lincoln Logs Ltd. v. Lincoln Pre-cut Log Homes, Inc*., 971 F.2d 732, 23 USPQ2d

---

[5] Petitioner has asserted that it had no actual knowledge of respondent's activities or of the subject registration.

1701, 1703 (Fed. Cir. 1992). In the context of a trademark opposition or cancellation proceeding, this defense must be tied to a party's registration of a mark rather than to its use of the mark. *National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc*., 937 F.2d 1572, 1581, 19 USPQ2d 1424, 1432 (Fed. Cir. 1991) (laches runs from the time from which action could be taken against the trademark rights inhering upon registration). *Id*., 19 USPQ2d at 1432.

Although the laches defense must be tied to a party's registration, in circumstances similar to these (although in the context of an opposition proceeding), the Board stated that a laches defense "may be based upon opposer's failure to object to an applicant's earlier registration of the same mark for substantially the same goods." *Aquion Partners L.P. v. Envirogard Products Ltd*., 43 USPQ2d 1371, 1371 (TTAB 1997), citing *Lincoln Logs*, 23 USPQ2d at 1703, which in turn cited *Copperweld Corp. v. Astralloy-Vulcan Corp.,* 196 USPQ 585, 591 (TTAB 1971).

The Board further stated that "opposer's failure to object to applicant's prior registration during the existence thereof was not wiped out by the expiration of the registration, albeit the period of delay ended with the expiration of that registration." *Aquion, supra*, n. 8.[6]

---

[6] The Board in *Aquion* noted that such a finding was not inconsistent with a decision of our primary reviewing court in the case of *Action Temporary Services Inc. v. Labor Force Inc*.,

For the same reason, in the present case respondent may assert, and attempt to prove, the defense of laches, even though respondent's registration has expired.

Thus, we find that respondent is not precluded, as a matter of law, from asserting a laches defense despite the fact that the FISHER KING SEAFOODS registration has been cancelled. The expiration of the registration does not

---

870 F.2d 1563, 10 USPQ2d 1307 (Fed.Cir. 1989), involving a concurrent use proceeding and the question of lawful use. In *Action*, the Court held that "a canceled registration cannot prevent a party from being a lawful user of a mark when that party's use is subsequent to the cancellation of the federal registration," noting that "constructive notice, pursuant to section 22 of the Lanham Act, exists, and lasts, only as long as the federal registration giving rise to that constructive notice remains in effect." *Id*. The Court also noted, however, that constructive notice during the pendency of the registration was not extinguished by the later cancellation, stating that "Action's use of the mark during the pendency of Labor's federal registration cannot be deemed 'lawful use'" and holding that "the constructive notice effects of Labor's federal registration prevented Action from being a lawful user only during the existence of that registration." *Id*. In distinguishing *Action*, the Board concluded that:

> It is clear therefrom that in the Action Temporary Services case, the cancellation of Labor's registration did not, in the Court's view, retroactively render lawful the use made by Action during the existence of Labor's registration. To the contrary, even after the cancellation of the registration, the use made by Action during the registration's existence continued to carry the taint of unlawfulness, and only the use made subsequent to the cancellation of the registration was considered lawful by the Court. Just as the illegality of Action's use during the existence of Labor's registration was not wiped out by the cancellation of that registration, so here too we believe that opposer's failure to object to applicant's prior registration during the existence thereof was not wiped out by the expiration of the registration.

extinguish either actual notice or constructive notice during the term of the registration.

With respect to the merits of respondent's motion for summary judgment on its laches defense, respondent argues that "despite [petitioner's] admitted awareness of Respondent's business . . . via its occasional contacts over the past decade, Petitioner did not once contact respondent to complain about any perceived confusion"; and that respondent will suffer severe prejudice since respondent has "grown exponentially, with Petitioner aware of its existence virtually that entire time."  Respondent's motion for summary judgment, filed December 13, 2005, at p. 19.  In support of this assertion, respondent points to the July 31, 2003, declaration of Tor Conklin, respondent's president, which was submitted in connection with respondent's first motion for summary judgment, and incorporated by reference in the present motion.  In that declaration, Mr. Conklin stated that "the company has grown exponentially since its incorporation in 1996" and that "the damage to our reputation and our recognition if we were to have to rebuild a brand under a new trademark is inestimable."  Mr. Conklin also stated in his declaration that petitioner "has been well aware of the existence of Fisher King Seafoods and the use of this name since our company's incorporation"; that "our sales department has been contacting Fish King

8

Processors since inception"; and that "in 1999 we issued samples of raw material for their secondary processing operation."

In response, petitioner has submitted the declaration of Janis Cohen, petitioner's national marketing manager, who stated that petitioner first became aware of the trademark FISHER KING being used with seafoods in mid-July 2001, when respondent's registration was cited as a bar to petitioner's application.

As stated above, to establish a laches defense, a defendant must show undue or unreasonable delay by plaintiff in asserting its rights, and prejudice to defendant from the delay. *Bridgestone/Firestone Research supra* at 1462 and *Lincoln Logs supra* at 1703. On summary judgment, respondent must establish that there is no genuine issue of material fact as to either element. *Gasser Chair Co. Inc. v. Infanti Chair Manufacturing Corp*., 60 F3d 770, 34 USPQ2d 1822, 1824 (Fed. Cir. 1995). With regard to delay, the focus is on reasonableness and the Board must consider any excuse offered for the delay. *A. C. Aukerman Co. v. R. L. Chaides Construction Co*., 960 F.2d 1020, 22 USPQ2d 1321, 1329 (Fed. Cir. 1992). With regard to prejudice, there must also have been some detriment due to the delay such as evidentiary prejudice or economic prejudice, and respondent must show

that its prejudice resulted from the delay.[7] *Id*. The mere passage of time does not constitute laches. *Aquion,* supra at 1373, citing *Advanced Cardiovascular Systems v. SciMed Life Systems*, 988 F.2d 1157, 26 USPQ2d 1038, 1041 (Fed.Cir. 1993).

As is evident from the conflicting statements made by the parties, there are genuine issues of material fact with respect to when petitioner had actual knowledge of respondent's use or registration. Further, although respondent has submitted evidence regarding the increase in its sales, respondent has not demonstrated that any economic prejudice resulted from petitioner's delay. *Cf., Hemstreet v. Computer Entry Systems Corp*., 972 F.2d 1290, 23 USPQ2d 1860, 1863 (Fed. Cir. 1992) (a nexus must be shown between the patentee's delay in filing suit and the expenditures; the alleged infringer must change his position "because of and as a result of the delay."). Lastly, because there is a genuine issue as to when petitioner knew or should have known about respondent's registration, we find a genuine issue with respect to whether petitioner's delay was reasonable or excusable.

Thus, we cannot say that respondent has met the requirement of showing that there is no genuine issue that

---

[7] "Evidentiary prejudice" may occur when the defendant's ability to raise a defense has been hampered due to the passing of time

10

petitioner's delay was unreasonable or inexcusable and that it was prejudiced by petitioner's inaction, and that it is entitled to judgment in its favor on this defense. Accordingly, respondent's motion for summary judgment on the defense of laches is denied.

The parties have also filed cross-motions on the issue of likelihood of confusion. As noted, this is the second motion filed with respect to this issue. Although some additional evidence has been submitted by the parties, we find that there are still genuine issues of material fact that preclude disposition by summary judgment. In particular, there are genuine issues as to the similarities of petitioner's trade names and mark vis-à-vis respondent's mark, especially with respect to connotations and commercial impressions; whether and to what extent there has been actual confusion; and whether petitioner used FISHKING per se as a trade name or trade mark prior to the first use by respondent of its mark.[8] Moreover, the evidence submitted by petitioner does not clearly show the extent of its common law rights, including the channels of trade and the classes of customers to which it sells its products.

---

(*e.g.,* the loss of documents, unavailability of witnesses, fading memory of witnesses, etc.).

[8] The fact that we have identified and discussed certain genuine issues of material fact as sufficient bases for denying the parties' cross-motions for summary judgment should not be construed as a finding that these are necessarily the only issues that remain for trial.

Accordingly, the parties' motions for summary judgment on the ground of likelihood of confusion are also denied.

In summary, the parties' cross-motions for summary judgment are denied.[9]

Further, because this is the second time that we have been asked to consider granting summary judgment, and the second time that we have found there are genuine issues of material fact, the parties may not file any further motions for summary judgment absent prior leave of the Board.

Proceedings are resumed and trial dates are reset as follows:

| | |
|---|---|
| DISCOVERY PERIOD TO CLOSE: | **CLOSED** |
| 30-day testimony period for party in position of plaintiff to close: | **July 23, 2007** |
| 30-day testimony period for party in position of defendant to close: | **September 21, 2007** |
| 15-day rebuttal testimony period for party in position of plaintiff to close: | **November 5, 2007** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after

---

[9] The parties are reminded that evidence submitted in support of or in opposition to a summary judgment motion is considered only for purposes of deciding the motion. To have such materials considered at trial, they must be properly introduced into the record during the appropriate testimony period. *Levi Strauss & Co. v. R. Josephs Sportswear Inc.,* 28 USPQ2d 1464 (TTAB 1993).

completion of the taking of testimony.  Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.