THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

WINTER

September 28, 2021

Concurrent Use No. 94003006

*Haider Capital Holding Corporation LLC*

*v.*

*Skin Deep Laser MD, LLC*

Before Zervas, Lykos, and Shaw,
Administrative Trademark Judges.

By the Board:

Haider Capital Holding Corporation LLC (Applicant), as plaintiff in this proceeding, seeks a concurrent use registration for the mark SKIN DEEP in standard characters[1] for the following identified services:

> Beauty salon services; Cosmetic skin care services, namely, laser vein removal, microdermabrasion, and skin peels, Health spa services for health and wellness of the body and spirit, namely, providing massage, facial and body treatment services, cosmetic body care services.

Applicant identifies Skin Deep Laser MD, LLC (Registrant), as its "excepted user," and claims the exclusive right to use the mark in the area comprising the entire United States except for the city limits of Fort Worth, Texas, United States.

---

[1] Application Serial No. 87155093, filed April 30, 2016, under Trademark Act Section 1(a), 15 U.S.C. § 1051(a), claiming February 1, 2001, as its dates for first use and first use in commerce. Applicant amended the application to instead seek a concurrent use registration under Trademark Act Section 2(d), 15 U.S.C. § 1052(d), on July 29, 2020.

Registrant owns Registration No. 5169166 ("the '166 registration") for the mark SKIN DEEP LASER MD (stylized), shown below.[2]



Registrant's mark is registered in connection with the following services:

> Cosmetic skin care services, namely, laser skin rejuvenation and resurfacing, chemical peels, and micro-needling treatments; Laser tattoo removal service; Laser hair removal services; Depilatory waxing; dermaplaning services; Providing medical aesthetic procedures, namely, treating the skin with dermal fillers and neuromodulators.

The '166 registration was involved in Cancellation No. 92068537 (the "prior proceeding"), initiated by Applicant on May 14, 2018. In the prior proceeding, the Board granted Registrant's motion for involuntary dismissal for failure to prosecute under Trademark Rule 2.132(a), 37 C.F.R. § 2.132(a), and Applicant's petition to cancel was denied with prejudice on June 6, 2019.

This case now comes up for consideration of Registrant's motion (filed April 16, 2021) to dismiss this proceeding, 3 TTABVUE,[3] on the following grounds:

---

[2] The '166 registration issued on March 28, 2017, from an application filed on December 31, 2014, and claims July 12, 2014, as the date of first use and first use in commerce. The registration claims the color turquoise as a feature of the mark and contains a disclaimer of the term "LASER MD."

[3] Citations to the record or briefs in this order include citations to the publicly available documents on the Trademark Trial and Appeal Board Inquiry System (TTABVUE), the Board's electronic docketing system. *See, e.g., Turdin v. Trilobite, Ltd.*, 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). The number preceding "TTABVUE" corresponds to the docket entry number; the number(s) following "TTABVUE" refer to the page number(s) of that particular docket entry. All citations to documents contained in the TTABVUE database are to the downloadable .pdf versions of the documents in the USPTO TTABVUE Case Viewer. Parties

(1) Applicant failed to file a new application after its petition to cancel Registrant's registration was denied with prejudice; and (2) this proceeding is barred under the doctrine of "res judicata," otherwise referred to as "claim preclusion,"[4] in view of the denial of the petition to cancel with prejudice in the prior proceeding. Registrant's motion is contested.

## I. Preliminary Matters

### A. Matter Submitted Outside of the Pleadings

Regarding Registrant's assertion of claim preclusion, we note initially that Registrant's motion is not limited to the pleadings, but relies on other materials, including the Board's order in the prior proceeding denying Applicant's petition to cancel with prejudice. 3 TTABVUE 14. Additionally, in responding to Registrant's motion, Applicant refers to the prior proceeding discussed in Registrant's motion. 5 TTABVUE 7. In view thereof, we shall treat Registrant's motion as it relates to claim preclusion as one for summary judgment. *See Orouba Agrifoods Processing Co. v. United Food Imp.*, 97 USPQ2d 1310, 1310 (TTAB 2010) ("Because respondent's motion is based on materials from outside the pleadings, it is in fact a motion for summary judgment."); *see also Urock Network, LLC v. Sulpasso*, 115 USPQ2d 1409, 1410 n.5 (TTAB 2015) (in lieu of answer, registrant filed a motion to dismiss which

---

are strongly encouraged to cite to the TTABVUE entry for evidence and briefs in submissions to the Board.

[4] *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 110 USPQ2d 1261, 1263 (Fed. Cir. 2014) ("the judicial doctrine now generally known as claim preclusion, [was] earlier known as res judicata and [is] still referred to by that name").

the Board treated as a motion for summary judgment based on claim preclusion); *Zoba Int'l Corp. v. DVD Format/LOGO Licensing Corp.*, 98 USPQ2d 1106, 1108 n.4 (TTAB 2011) (motion to dismiss asserting claim preclusion considered as a motion for summary judgment); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 528.04 (2021). Although the parties have not yet exchanged initial disclosures, because the basis for Registrant's motion is claim preclusion, the motion is timely under Trademark Rule 2.127(e)(1), 37 C.F.R. § 2.127(e)(1).

Under Fed. R. Civ. P. 12(d), made applicable to Board proceedings by Trademark Rule 2.116(a), 37 C.F.R. § 2.116(a), when a conversion from a motion to dismiss takes place, the Board must provide the parties with a reasonable opportunity to present all the material that is pertinent to the motion. However, whether a party has had a "reasonable opportunity" to present pertinent summary judgment materials when a trial court converts a motion to dismiss into a motion for summary judgment "necessarily turns on the way in which the particular case under consideration has unfolded." *Easter v. U.S.*, 575 F.2d 1332, 1336 (Fed. Cir. 2009) (citing *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990)). In particular, the Court stated, "when the issue at the core of the dispute has been treated as purely legal, and there has been no serious contention that the facts are contested, … [and] the case involves essentially undisputed facts and turns on the legal consequences that attach to those facts, … nothing of significance turns on the distinction between a ruling on the pleadings and summary judgment. *Id.*

In this case, Applicant has not objected to Registrant's submission of supporting filings from the prior cancellation proceeding, and has directly engaged Registrant's motion on the merits. We therefore convert, in part, Registrant's motion to one seeking summary judgment, insofar as it advances the issue of claim preclusion. As to Registrant's purely legal argument that, after the Board denied the petition to cancel Registrant's registration with prejudice, Applicant was required to file a new concurrent use application, we need not convert Registrant's motion to one for summary judgment on that particular issue.

## B. Issue Preclusion

Before addressing Registrant's main arguments, we also note that, although Registrant argues, in part, that this proceeding should be dismissed under the doctrine of claim preclusion, Registrant also asserts that Applicant already had an opportunity in the prior proceeding to prove priority and "should not now have a second bite at the apple." 3 TTABVUE 4. To the extent Registrant argues that this proceeding should be dismissed because re-litigating the issue of priority is barred under the principles of issue preclusion (traditionally referred to as "collateral estoppel"), that doctrine is inapplicable here because the issue of priority was not actually litigated in the prior cancellation proceeding. *See NH Beach Pizza LLC v. Cristy's Pizza Inc.*, 119 USPQ2d 1861, 1864 (TTAB 2016) (a requirement of issue preclusion is "actual litigation of that issue in the prior proceeding") (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)); *United States Olympic Comm. v. Bata Shoe Co.*, 225 USPQ 340, 341 (TTAB 1984).

Further, Registrant's contention misapprehends the issue of priority in a concurrent use proceeding, as compared to an opposition or cancellation proceeding under Trademark Act Section 2(d), 15 U.S.C. § 1052(d). Specifically, as will be discussed in further detail infra, the only manner in which priority is considered in a concurrent use proceeding is whether the concurrent use applicant can establish the jurisdictional requirement or "condition precedent" to pursuing a concurrent use registration. *See Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d 1007, 1024 (TTAB 2015) ("As for Section 7(c), even though we give provisional consideration in Board proceedings to the filing date of a pending application (as the applicant's constructive date of first use), an applicant's constructive use has little (if any) significance in a concurrent use proceeding, in which the applicant must demonstrate actual use of its mark ..."), *aff'd*, 652 F. App'x 971 (Fed. Cir. June 15, 2016); *CDS Inc. v. I.C.E.D. Mgmt. Inc.*, 80 USPQ2d 1572, 1580 n.12 (TTAB 2006) ("Priority is not normally an issue in concurrent use proceedings. The question here is whether the concurrent use applicant has met the jurisdictional requirement (or 'condition precedent') of establishing use in commerce prior to the defendant's application filing date.").

### C. Registrant's "Answer"

Our final preliminary observation concerns procedure. We note that the motion to dismiss also includes Registrant's Answer to the March 15, 2021 Notice of Institution.[5] The Answer, however, has no relationship to Registrant's motion.[6] An

---

[5] *See* 3 TTABVUE 4.

[6] With respect to the form of Registrant's submission, we strongly discourage the practice of embedding filings within other documents, such as combining an answer with a motion (as

6

answer to the Notice of Institution of a concurrent use proceeding is not required when the excepted user's registration is acknowledged by the concurrent use applicant in its application, as in this case. However, a statement, if desired, may be filed within forty days after the issuance of the notice. *See* Trademark Rule 2.99(d)(2), 37 C.F.R. § 2.99(d)(2). Registrant's Answer, construed as its statement, is timely filed and denies the essential allegations of Applicant's concurrent use statement, including the "limited and restrictive" alleged geographic area attributed to Registrant. *See* 3 TTABVUE 5.

## II.   Registrant's Motion to Dismiss

The part of Registrant's Motion we did not convert into a summary judgment motion involves Registrant's purely legal argument that this proceeding should be dismissed because Applicant, after the Board denied its petition to cancel Registrant's registration with prejudice, was required to file a new concurrent use application but, instead, as noted in footnote 1, supra, merely converted its pre-existing application under Section 1(a) into a concurrent use application under Section 2(d). Registrant relies on *Chichi's, Inc. v. Chi-Chi's, Inc.*, 222 USPQ 831 (Comm'r Pat. 1984), and TBMP § 1112, which states, in relevant part:

> A party which receives an adverse decision, in an opposition … [or] cancellation … proceeding, on the issue of priority of use is not precluded thereby from seeking a concurrent use registration, unless its first use in commerce was subsequent to the earliest application filing date of any conflicting application or registration owned by another party to the opposition … [or] cancellation … proceeding, and that other party does

was done here) or submitting two motions within a single filing. All submissions, including motions, should be filed separately, or at least captioned separately, to ensure they receive attention. *See* TBMP § 502.02(b); *see also Melwani v. Allegiance Corp.*, 97 USPQ2d 1537, 1541 (TTAB 2010); *Sinclair Oil Corp. v. Kendrick*, 85 USPQ2d 1032, 1033 n.3 (TTAB 2007).

> not consent to the grant of a concurrent registration to the applicant. The concurrent use registration must be sought by filing a new application seeking concurrent use with the prevailing party before the Board.

According to Registrant, in light of TBMP § 1112 and the Board's order in the prior proceeding denying with prejudice Applicant's likelihood of confusion claim (as petitioner in the prior proceeding), Applicant may not amend its pleaded pending application to seek concurrent use, but must file a new concurrent use application. 3 TTABVUE 3. Registrant's arguments misconstrue TBMP § 1112, as Applicant's failure to file a new concurrent use application does not provide a basis for dismissal.

The first sentence of TBMP § 1112 refers to the jurisdictional requirement for a concurrent use proceeding, namely, that an applicant made lawful use of its mark in commerce before the excepted user filed its pending application or filed the application underlying the excepted user's registration.[7] 15 U.S.C. § 1052(d); *see also Gray v. Daffy Dan's Bargaintown*, 823 F.2d 522, 3 USPQ2d 1306, 1308 (Fed. Cir. 1987) ("[W]here a claim is made of concurrent rights, such use must begin prior to the filing date of any application by a conflicting claimant to the mark. In this sense, the requirement is 'jurisdictional.'").

---

[7] We note that there are two circumstances where an application for concurrent registration need not meet the jurisdictional requirement; that is, it need not assert use in commerce prior to the earliest application filing date of the application(s), or registration(s) (if any), involved in the proceeding (or prior to July 5, 1947 if relevant). The first circumstance exists where the owner of such application(s) or registration(s) consents to the grant of a concurrent registration to the concurrent use applicant. *See* Trademark Act Section 2(d), 15 U.S.C. § 1052(d). The second circumstance exists where there is an application seeking concurrent registration based on a final determination, by a court of competent jurisdiction, that applicant is entitled to concurrently use its mark. *See In re Home Fed. Sav. & Loan Ass'n*, 213 USPQ 68, 69 (TTAB 1982); TBMP § 1103.03.

The second sentence in the section, stating that the concurrent use registration must be sought by filing a new application seeking concurrent use with the prevailing party in a prior opposition or cancellation proceeding, applies only in two circumstances. First, a new concurrent use application is required when the applicant for a restricted registration previously sought an unrestricted registration, but the application was opposed and an adverse decision issued against the applicant in the opposition. In that case, the involved application would become abandoned and a new application seeking restricted use would need to be filed. *See, e.g., Home Fed. Sav. & Loan Ass'n v. Home Fed. Sav. & Loan Ass'n of Chi.*, 205 USPQ 467, 469 (TTAB 1979) (following entry of judgment against applicant for unrestricted registration, applicant may seek registration on a concurrent use basis with all others entitled to use the same term in different geographical areas). Second, a new application would be required if, as a result of a prior cancellation proceeding, an adverse decision issued against the respondent and the involved registration for an unrestricted registration was cancelled. *See, e.g., Boi Na Braza, LLC v. Terra Sul Corp.*, 110 USPQ2d 1386, 1388 (TTAB 2014) (after its registration was cancelled, respondent filed a new application seeking a concurrent use registration); *Chichi's, Inc. v. Chi-Chi's, Inc.*, 222 USPQ at 832 ("A decision in the cancellation action adverse to [respondent] would not preclude it from filing a new application seeking a concurrent registration with [petitioner]."). In both situations, the party required to file a new concurrent use application was an unsuccessful defendant in the prior proceeding.

In contrast, Applicant was the petitioner in the prior proceeding, and Applicant's pleaded pending application neither was the subject of the prior proceeding, nor was opposed. As such, notwithstanding the adverse decision against Applicant as the petitioner in the cancellation, Applicant's pending application remains "pending." In view thereof, Applicant was not required to file a new application to seek a restricted registration; rather, Applicant needed only to amend its pending application to seek a concurrent use registration, assuming it met the jurisdictional requirement for institution of a concurrent use proceeding.[8] Accordingly, Registrant's motion to dismiss based on Applicant's failure to file a new concurrent use application is **DENIED**.

## III.    Registrant's Motion for Summary Judgment

We next consider the part of Registrant's motion that we converted into a summary judgment motion: whether the doctrine of claim preclusion bars Applicant from obtaining a concurrent use registration.

---

[8] Similarly, a new application seeking a restricted registration need not be filed when the applicant consents to judgment in an opposition, and the opposition is "converted" to a concurrent use proceeding by entry of judgment against applicant without prejudice in favor of the concurrent use proceeding. *See, e.g.*, *Boi Na Braza*, 110 USPQ2d at 1388 (opposition dismissed in favor of concurrent use proceeding); *Turdin v. Tribolite*, 109 USPQ2d at 1475 (Board consolidated oppositions and granted applicant's motion to convert the oppositions to a concurrent use proceeding); *Pro-Cuts v. Schilz-Price Enter., Inc.*, 27 USPQ2d 1224, 1225 (TTAB 1993) (applicant's motion to amend its application to one seeking concurrent registration was granted; judgment was entered against applicant in the opposition with respect to its right to a geographically unrestricted registration; and a concurrent use proceeding was instituted to determine applicant's right to the geographically restricted registration sought); *see also* TBMP § 1113 (regarding "Conversion" of Opposition or Cancellation Proceeding to Concurrent Use Proceeding).

**A. Legal Standard**

Summary judgment is an appropriate method of disposing of cases in which there is no genuine dispute with respect to any material fact, thus allowing the case to be resolved as a matter of law. *See* Fed. R. Civ. P. 56(a). A party moving for summary judgment has the burden of demonstrating the absence of any genuine dispute as to a material fact, and that it is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Sweats Fashions, Inc. v. Pannill Knitting Co. Inc.*, 833 F.2d 1560, 4 USPQ2d 1793, 1796 (Fed. Cir. 1987). A factual dispute is genuine if, on the evidence of record, a reasonable fact finder could resolve the matter in favor of the non-moving party. *See Opryland USA Inc. v. Great Am. Music Show Inc.*, 970 F.2d 847, 23 USPQ2d 1471, 1472 (Fed. Cir. 1992); *Olde Tyme Foods, Inc. v. Roundy's, Inc.*, 961 F.2d 200, 22 USPQ2d 1542, 1544 (Fed. Cir. 1992). The burden of demonstrating the absence of a genuine dispute is greater than the evidentiary burden at trial. *See, e.g.*, *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 34 USPQ2d 1822, 1824 (Fed. Cir. 1995) (in addition to proving elements of laches by preponderance of the evidence, moving party must also establish no genuine issue of material fact as to those elements).

Additionally, the evidence of record must be viewed in the light most favorable to the non-moving party, and all justifiable inferences must be drawn from the undisputed facts in favor of the non-moving party. *See Lloyd's Food Prods. Inc. v. Eli's Inc.*, 987 F.2d 766, 25 USPQ2d 2027 (Fed. Cir. 1993); *Opryland USA*, 23 USPQ2d at 1472. We may not resolve genuine disputes as to material facts and, based thereon,

decide the merits of the proceeding. Rather, we may only ascertain whether any material fact is genuinely disputed. *See Lloyd's Food Prods.*, 25 USPQ2d at 2029; *Olde Tyme Foods*, 22 USPQ2d at 1542; *Meyers v. Brooks Shoe Inc.*, 912 F.2d 1459, 16 USPQ2d 1055, 1056 (Fed. Cir. 1990) ("If there is a real dispute about a material fact or factual inference, summary judgment is inappropriate; the factual dispute should be reserved for trial.").

## B. Analysis and Order

When the owner of a trademark lawfully uses its mark in commerce in a limited geographic area, but another party uses the same or similar mark in another geographic area, the trademark owner may apply for a geographically limited trademark registration by means of a concurrent use application. In such an application, the concurrent use applicant identifies the person who is an exception to the applicant's exclusive use (the "excepted user"), whether that person is a common law user of the same or similar mark, an applicant for a restricted or unrestricted trademark registration, or the owner of an unrestricted federal trademark registration. In regard to the concurrent use applicant and the excepted user who either has applied for a restricted or unrestricted registration or owns a trademark registration,[9] the Board will consider and determine the parties' concurrent use rights in the context of a concurrent use registration proceeding, as long as the

---

[9] The Board does not determine the right to registration of an identified excepted user that is only a common law concurrent user (i.e., a party that does not own an involved application or registration). *See Terrific Promotions Inc. v. Vantex Inc.*, 36 USPQ2d 1349, 1353 (TTAB 1995) (concurrent use applicant entitled to concurrent use registration of entire United States except for excluded area defined by the Board).

concurrent use applicant can establish use in commerce prior to the filing date of the excepted user's pending trademark application or the filing date of the underlying application of said user's registration.[10] *See, e.g.*, Sections 2(d) and 17 of the Trademark Act, 15 U.S.C. §§ 1052(d) and 1067; Trademark Rules 2.99(h) and 2.133(c), 37 C.F.R. §§ 2.99(h) and 2.133(c); *Selfway, Inc. v. Travelers Petroleum, Inc.*, 579 F.2d 75, 198 USPQ 271, 277 (CCPA 1978) (concurrent rights can only be adjudicated in a concurrent use proceeding); *Chichi's, Inc. v. Chi-Chi's, Inc.*, 222 USPQ at 832 ("Absent [a concurrent use] application, the Commissioner has no power to order the commencement of a concurrent use proceeding."); TBMP § 1101.02. If the jurisdictional requirement is met, the Board determines whether one or more applicants is entitled to a concurrent use registration, with conditions and limitations fixed by the Board, as to the mode or place of use of the applicant's mark. TBMP § 1101.01.[11]

To determine whether claim preclusion applies in this case, we compare issues considered to resolve opposition and cancellation proceedings versus concurrent use proceedings. For the following reasons, we hold that claim preclusion does not apply

---

[10] *See CDS Inc. v. I.C.E.D. Mgmt., Inc.*, 80 USPQ2d at 1580 n.12. In particular, to satisfy the concurrent use provision of Trademark Act Section 2(d), 15 U.S.C. § 1052(d), the applicant must show that it made lawful use of its mark in commerce before the excepted user filed its pending application or filed the application underlying the excepted user's registration. *See In re Beatrice Foods Co.*, 429 F.2d 466, 166 USPQ 431, 435-36 (CCPA 1970); *Stawski v. Lawson*, 129 USPQ2d 1036, 1041 (TTAB 2018), *appeal dismissed*, No. 19-1617 (Fed. Cir. Dec. 19, 2019); *see also Hanscomb Consulting, Inc. v. Hanscomb Ltd.*, 2020 USPQ2d 10085, at *4 (TTAB 2020) (citing 15 U.S.C. § 1052(d)).

[11] Practically all concurrent use proceedings involve "place" rather than "mode" restrictions.

to a concurrent use proceeding when the prior proceeding is either an opposition or cancellation proceeding between the parties.

In opposition and cancellation proceedings based on likelihood of confusion, whether the applicant or respondent is entitled to an unrestricted registration depends on whether there is a likelihood of confusion "where the parties use their respective marks to identify their respective services in the same geographic areas." *Hanscomb Consulting*, 2020 USPQ2d 10085, at *3 (citing *Over the Rainbow, Ltd. v. Over the Rainbow, Inc.*, 227 USPQ 879, 882-83 (TTAB 1985)).[12] Specifically, in proceedings involving a claim under Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), the Board determines whether there is a likelihood of confusion between marks seeking a nationwide scope of registration.

In contrast, in a concurrent use proceeding, to decide whether an applicant is entitled to a restricted registration, the Board must determine that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks, i.e., different geographic areas.[13] *See, e.g.*, *Weiner King, Inc. v. Wiener King Corp.*, 615 F.2d 512, 204 USPQ 820, 831 (CCPA 1980) (the conditions and limitations imposed by Trademark Act Section 2(d) are for the purpose

---

[12] "[T]he '132 Opposition prevents consideration of any assertion by either party that no likelihood of confusion exists based on the parties' use of their marks in overlapping geographic areas." *Hanscomb*, 2020 USPQ2d 10085, at *3.

[13] Applicant similarly asserts that while a cancellation proceeding determines the validity of a registration, a concurrent use proceeding creates a means for two marks to coexist based on geographical boundaries. 5 TTABVUE 8.

of preventing consumer confusion); *Sw. Mgmt., Inc. v. Ocinomled, Ltd.*, 115 USPQ2d at 1030-31 ("Inasmuch as the parties to this proceeding have fully litigated the issue of geographic territories, we have considered not only the territorial restriction that Applicant proposes for itself in its application, but also whether any other relevant territorial restriction would be sufficient to avoid likely confusion."); *Nobelle.com LLC v. Qwest Commc'ns Int'l Inc.*, 66 USPQ2d 1300, 1307 (TTAB 2003) ("A concurrent use registration, by its very nature, contemplates that the registered mark can and does function to identify more than one source … because each source's use of the mark is subject to conditions and limitations which eliminate likelihood of confusion …"); *Over the Rainbow*, 227 USPQ at 882-83 ("The primary concern in determining whether and to what extent a registration is to be granted is the avoidance of likelihood of confusion.") (internal citation omitted).

Thus, a critical element for determining whether claim preclusion applies to a later concurrent use proceeding cannot be satisfied in a concurrent use proceeding. Specifically, to establish claim preclusion, the movant must show that "the second claim is based on the same set of transactional facts as the first." *Jet Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 55 USPQ2d 1854, 1857 (Fed. Cir. 2000). "Transactional facts" in the prior proceeding may be defined as those that comprise the same "core [or nucleus] of operative facts" or are "based on the same, or nearly the same, factual allegations" as those asserted in the later proceeding, regardless of differences in terminology in the subject claims. *Zoba Int'l*, 98 USPQ2d at 1111 (citing *Jet Inc.*, 55 USPQ2d at 1857).

Because the Board must determine in a concurrent use proceeding that confusion, mistake, or deception is not likely to result from the continued use by more than one person of the same or similar marks under conditions and limitations as to the mode or place of use of the marks, a concurrent use proceeding cannot be based on the same set of transactional facts as a prior opposition or cancellation proceeding between the same parties.

For example, the Board must examine in a concurrent use proceeding whether the identified excepted user actually limits the use of its mark and has not sought to expand its business either in volume or geographic area, such that confusion will not arise. *See Over the Rainbow*, 227 USPQ at 883. Additionally, to determine whether there will be no likelihood of confusion should a concurrent use registration issue, the Board must examine the particular conditions and limitations as to the mode or place of use of the marks. *See, e.g., Sw. Mgmt. v. Ocinomled*, 115 USPQ2d at 1023.

The parties' rights to registration are determined on the basis of the facts as they exist up to and until the close of the testimony period. *Boi Na Braza*, 110 USPQ2d at 1392. In view thereof, the core nucleus of operative facts will differ in a concurrent use proceeding that is instituted after the disposition of a prior opposition or cancellation proceeding between the same parties. Accordingly, based on the differences between concurrent use proceedings on the one hand, and oppositions and cancellations on the other, the transactional facts necessarily also differ. Therefore, claim preclusion does not apply to a subsequent concurrent use proceeding.

In view of the foregoing, we find that there is no genuine dispute as to any material facts and that the involved application is not barred by claim preclusion as a matter of law.[14] Accordingly, Registrant's construed motion for summary judgment on claim preclusion is **DENIED**.[15]

## IV. Proceeding Resumed; Trial Dates Reset

This proceeding is resumed. Trial dates, including conferencing and disclosure due dates, are reset as shown in the following schedule.

| | |
|---|---|
| **Deadline for Discovery Conference** | **10/28/2021** |
| **Discovery Opens** | **10/28/2021** |
| **Initial Disclosures Due** | **11/27/2021** |
| **Expert Disclosures Due** | **3/27/2022** |
| **Discovery Closes** | **4/26/2022** |
| **Plaintiff's Pretrial Disclosures Due** | **6/10/2022** |
| **Plaintiff's 30-day Trial Period Ends** | **7/25/2022** |
| **Defendant's Pretrial Disclosures Due** | **8/9/2022** |
| **Defendant's 30-day Trial Period Ends** | **9/23/2022** |

---

[14] Evidence submitted in support of or in opposition to a motion for summary judgment is of record only for consideration of that motion. To be considered at final hearing, any such evidence must be properly introduced during the appropriate trial period. *See, e.g.*, *Levi Strauss & Co. v. R. Joseph Sportswear Inc.*, 28 USPQ2d 1464 (TTAB 1993); TBMP § 528.05(a).

[15] At the conclusion of its motion, Registrant asserts that, "even if this Concurrent Use proceeding is not dismissed for the reasons above, the limit of Applicant's rights in its application 87155093 should extend to the city limits of Harker Heights, Texas." 3 TTABVUE 9. Insofar as Registrant did not submit any argument or evidence on this issue, nor did Applicant recognize the alternative request as part of Registrant's motion, for purposes of this motion, we consider Registrant's request to be waived. *Cf. Alcatraz Media Inc. v. Chesapeake Marine Tours Inc.*, 107 USPQ2d 1750, 1753 (TTAB 2013) (petitioner found to have waived claims not argued before the Board).

| | |
|---|---|
| **Plaintiff's Rebuttal Disclosures Due** | **10/8/2022** |
| **Plaintiff's 15-day Rebuttal Period Ends** | **11/7/2022** |
| **Plaintiff's Opening Brief Due** | **1/6/2023** |
| **Defendant's Brief Due** | **2/5/2023** |
| **Plaintiff's Reply Brief Due** | **2/20/2023** |
| **Request for Oral Hearing (optional) Due** | **3/2/2023** |

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).